**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MATTHIAS JIMMY FRANCOIS**                    **CIVIL ACTION**

**VERSUS**                                                      **NO:        10-1330**

**ERIC BLANDFORD, ET AL.**                            **SECTION: "C" (4)**

<u>Order</u>

Before the Court is **Motion to Strike ( R. Doc. 33)** filed by the Plaintiff, Matthias Jimmy

Francois.

**I.        <u>Background</u>**

The plaintiff filed suit against the New Orleans Police Department and the Orleans Parish

Prison for an alleged false arrest, false imprisonment, excessive force, police brutality, and sexual

battery.  (R. Doc. 1)  He alleges that each of the claims are the result of the violation of his Fourth

Amendment right.  He alleges that he was arrested without probable cause and further that the

officer brutalized him in the course of the arrest.

In addition to the above named defendants, the plaintiff sued the Jefferson Parish Police

Department and the Jefferson Parish Prison for excessive force, police brutality, and false arrest in

violation of his Fourth Amendment right.  He complains that he was arrested without probable cause

but fails to provide any information on the date of the arrest involving Jefferson Parish.

In addition to Orleans and Jefferson Parish Prison, Francois sued the Gretna Police

Department for excessive force and illegal search of his rectum and sexual battery all in violation of his Fourth Amendment rights.  He also complains that his arrest presumably by the Gretna Police Department was without probable cause.  (R. Doc. 1)

He alleges that on April 8, 2010, he was stopped in Gretna, Louisiana by a police officer. Officer Arabie of the Gretna Police Department told Francois that he wanted to search him for crack cocaine.  According to Francois, he told Officer Arabie that he did not have crack cocaine.  The officer then handcuffed him and allegedly started to choke him using both hands until he was rendered unconscious.  After awakening, he found that Officer Arabie had both of his fingers inside his rectum indicating that he was searching for crack cocaine.

As a result of the actions of Officer Arabie, Francois complains that he began bleeding from his rectum and he asked for medical attention.  Officer Arabie allegedly ignored his request and placed him inside his squad car and indicated to him that he was going to jail for contempt of court attachment.  He further advised Francois that he would receive medical attention inside Jefferson Parish Correctional Center.  He complains that upon arriving at the Jefferson Parish Correctional Center, he reported his medical condition to a female nurse and she ignore his request for treatment because she did not examine his rectum.  The nurse allegedly advised Francois that the only thing she could do was to write a report about the incident.  He alleges that neither the deputies nor the nurse provided him with medical care.  As a result, he contends that he suffered both physical and mental trauma as a result of Officer Arabie's intentional reckless and extreme conduct.

In addition to the above allegations, Francois also alleges that on November 17, 2008, he was stopped by Officers Eric Blanchard and officer Derrick Legget who told him that they were looking for crack cocaine.  As a result, Francois indicates that he told them to begin their search at which

time he was handcuffed and placed in the back of their squad car.  He complains that the officers

pulled down his pants and both began to stick their fingers inside his rectum.  He complains that he

began to bleed shortly after and the officers then advised him that they would like to search his

mother's house.  Francois indicated that he refused their request for search and he was advised that

they "were going to beat his black ass" if he did not consent.

   As a result, he consented to the search and the officers came out with what they described

as counterfeit crack cocaine.  He was thereafter taken to Jefferson Parish Jail where he was not

provided with medical attention.  He complains that as a result of their failure to provide medical

care, he filed this lawsuit against the Jefferson Parish Police for rape.  Francois alleges that he was

charged with counterfeit crack cocaine and he paid $5,000.00 for what the officers complained was

counterfeit.   He also filed a motion seeking the return of the fake crack cocaine.

   The defendants filed an answer.  They also asserted the defense of limitations, lack of

jurisdiction, and also the comparative negligence of the plaintiff.

   As to the present motion, the Francois seeks to strike the defendants answer on the grounds

that the pleading is scandalous and impertinent and whose purpose is to prejudice the plaintiff.

**II.**   **Standard of Review**

   Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense

may be insufficient as a matter of pleading or a matter of law. *Security People, Inc. v. Classic

Woodworking*, LLC, No. C-04-3133, 2005 WL 645592, at *2 (N.D.Cal.2005). "The key to

determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice

of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir.1979).  What constitutes fair

notice depends on the particular defense in question.  5C Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1381, at 410 (3d ed.2004).  While a defense need not include

extensive factual allegations in order to give fair notice, bare statements reciting mere legal

conclusions may not be sufficient.  Because motions to strike a defense as insufficient are

disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." 5C

Wright & Miller § 1381, at 428; accord *William Z. Salcer, Panfeld, Edelman v. Envicon Equities*

*Corp*., 744 F.2d 935, 939 (2d Cir.1984), vacated on other grounds, 478 U.S. 1015 (1986).

 A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ.

Pro. 12(f).  Immaterial matter is "that which has no essential or important relationship to the claim

for relief or the defenses being pleaded." Charles A. Wright & Arthur R. Miller, Federal Practice

and Procedure § 1382, at 706-07 (1990)).  Impertinent matter does not pertain, and is not necessary,

to the issues in question. Id.

## III.    Analysis

Applying these standards, the Court reviewed the defendants answer.  It clearly asserts

defenses that they feel will impact the resolution of the case.  There is nothing in the answer that

suggests that the information has no essential or important relationship.  Consequently, the Motion

to Strike is DENIED.

Therefore,

**IT IS ORDERED** that the **Motion to Strike (R. Doc. 33)** is **DENIED**.

New Orleans, Louisiana, this 25th day of October 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**