UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHIAS JIMMY FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:    10-1330** |
| **ERIC BLANDFORD, ET AL.** | **SECTION: "C" (4)** |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a **Motion to Dismiss Plaintiff's Claims Pursuant to FRCP 12(B)(6) (R. Doc. 30)**, filed by the Defendants, the Orleans Parish Prison, Officer Melvin Williams, and the New Orleans Police Department (collectively, "the Defendants"), seeking to dismiss Plaintiff, Matthias Jimmy Francois's ("Francois"), Complaint. Francois opposes the motion. (R. Doc. 32.) On August 13, 2010, Francois filed a supplemental memorandum in support of his opposition. (R. Doc. 35.) The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.1E(A) for the submission of proposed findings and recommendations. The motion was heard on the briefs on Wednesday, August 25, 2010.

**I.     Background**

The above captioned matter relates to three separate incidents in which various Louisiana Police Department Officers allegedly searched Francois's rectum for crack-cocaine. Relevant to the instant matter, is Francois's claims regarding an incident with an Officer of the New Orleans Police

Department, on June 6, 2008.[1]

Francois contends that on June 6, 2008, he was stopped by Officer Williams of the New Orleans Police Department outside of a housing project in Iberville, Louisiana. (R. Doc. 1, p. 3.) Officer Williams told Francois to get out of the car, and asked the Plaintiff if he was in possession of crack cocaine. Francois replied that he was not in possession of the drug. Officer Williams informed Francois that he was going to perform a search for crack cocaine. Francois told the Officer that he could begin his search. Subsequently, Officer Williams told Francois to "bend over" and performed a rectal exam which caused the Plaintiff to bleed.[2] The Officer did not find any crack cocaine, but arrested the Plaintiff for criminal trespassing. *Id.*

Francois was taken to the Orleans Parish Prison, where he allegedly asked a nurse for medical attention for his rectal bleeding. *Id.* The nurse examined the area, and allegedly informed Francois that she was not going to report the incident and that she was not going to give him medical attention. *Id.*

Francois contends that after he saw the nurse, he was raped by another inmate. *Id.* He

---

[1] The two other incidents occurred on April 8, 2010, and November 17, 2008. Francois contends that on April 8, 2010, he was stopped by Officer Arabie of the Gretna Police Department. Officer Arabie informed Francois that he was going to search him for crack cocaine. After Francois informed the officer that he was not in possession of the drug, the officer allegedly handcuffed the Plaintiff and choked him until he was unconscious. When Plaintiff woke up, the Officer allegedly had his fingers inside of the Plaintiff's rectum, causing it to bleed. Plaintiff has sued the Gretna Police Department, Officer Arabie, and the Jefferson Parish Correctional Center for his injuries arising out of this incident. (R. Doc. 1, pp. 1-2.)

Francois also contends that on November 17, 2008, he was stopped by Officers Eric Blandford and Officer Derrick Legget of the Jefferson Parish Police Department who informed the Plaintiff that he was being searched for crack cocaine. Francois contends that both officers handcuffed him and searched his rectum, causing it to bleed. The officers then proceeded to search Francois's mother's house, and found what the police officers deemed as counterfeit crack cocaine. Francois was subsequently taken to the Jefferson Parish Jail, where he contends he was raped by an inmate and denied medical attention. Plaintiff has sued Officers Blandford and Legget, in addition to the Jefferson Parish Police Department and the Jefferson Parish Jail for his injuries arising out of this incident. (R. Doc. 1, pp. 1, 4.)

[2] It is implicit in the Plaintiff's pleading that he believed Officer Williams intended to perform a search of the Plaintiff's vehicle, and not his person.

informed the deputies of prison that he had been raped, but was allegedly told that the deputies "do not care." *Id.*

As a result, Francois filed the present action seeking $3 million in damages from Officer Williams, the New Orleans Police Department, and the Orleans Parish Prison for false arrest, false imprisonment, police brutality, excessive force, and sexual battery in violation of his Fourth Amendment rights. (R. Doc. 2, p. 1.)

As to the present motion, the Defendants, the Orleans Parish Prison, Officer Melvin Williams, and the New Orleans Police Department request that they be dismissed from the underlying suit because Francois failed to state a claim for which relief may be granted under Federal Rule of Civil Procedure ("Rule") 12 (b)(6). Specifically, Defendants argue that the false imprisonment, sexual battery, false arrest, and excessive force claims asserted against the City of New Orleans Defendants is prescribed because it was filed more than one year after the allowable time period for filing. (R. Doc. 30.) Francois opposes the motion.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides that, in response "to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim" the pleader may raise by motion the defense of "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464 (5th Cir. 2004)(*quoting Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

"[T]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its

face'" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).[3] Pursuant to Rule 12(b)(6), the motion to dismiss shall be treated as a motion for summary judgment.

### III.  Analysis

In their motion to dismiss, Defendants contend that the Plaintiff has failed to state a cause of action for which relief may be granted, and therefore, the Complaint against the Defendants should be dismissed. Specifically, Defendants contend that the Plaintiff's claims for false imprisonment, sexual battery, false arrest, and excessive force have prescribed. (R. Doc. 30-1, p. 2.)

In response, Francois contends that the Defendant's motion should be denied because: (1) the Defendants do not have any evidence that Francois's allegations are false; (2) Francois's claims are not subject to a prescriptive period; and (3) Francois has an eyewitness who will testify on his behalf at the trial of this matter. (R. Doc. 35.)

####  A.  Claims Against the New Orleans Police Department

As a preliminary matter, the Court notes that the New Orleans Police Department is not a

---

[3] Judge Duval noted in *In re Katrina Canal Breaches Consol. Litigation*, No. 05-4182, 2008 WL 4449970 (E.D. La. Sept. 29, 2008) that the Supreme Court abrogated the often cited "no set of facts" language in *Conley,* commenting that the case has been frequently mis-characterized as setting forth a minimum pleading standard when it was simply "describ[ing] the breadth of opportunity to prove what an adequate complaint claims." *Twombly,* 127 S.Ct. at 1968. In other words, the *Twombly* court reads *Conley* as standing for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* (citing *Sanjuan v. American Bd. of Psychiatry and Neurology,* 40 F.3d 247, 251 (7th Cir.1994)(once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). Thus, rejecting the *Conley* "no set of facts" test, the *Twombly* court employs a plausibility standard for scrutinizing the sufficiency of pleadings in the context of a Rule 12(b)(6) motion.

proper Defendant. To the extent that Francois has named the New Orleans Police Department as a separate and distinct defendant, that claim should be dismissed because the Department is not a legal entity capable of being sued. *Everson v. N.O.P.D. Officers (Names Unknown)*, Civ. Action. No. 07-7027, 2009 WL 122759, at *2 (E..D. La. Jan. 15, 2009); *Atkinson v. NOPD,* Civ. Action No. 06-5820, 2007 WL 2137793, at * 1 (July 23, 2007); *Banks v. United* States, Civ. Action No. 05-6853, 2007 WL 1030326, at * 11 (E.D. La. Mar. 28, 2007); *Manley v. State of Louisiana*, Civ. Action NO. 00-1939, 2001 WL 506175, at * 2 (E.D. La. May 11, 2001)

### B. Claims Against the Orleans Parish Prison

Further, the Court notes that the Orleans Parish Prison is not a proper Defendant. To the extent that Francois has named the Orleans Parish Prison as a separate and distinct defendant, the claim should be dismissed because the Prison is not a legal entity capable of being sued.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[4] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24 (2008).

Under federal law, a county (or parish) prison facility is not a "person" within the meaning of Fed. R. Civ. P. 17. *Cullen v. DuPage County*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997

---

[4] Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Roy v. Orleans Parish Sheriff's* Office, No. 09-6794, 2009 WL 4730697 (E.D. La. Dec. 4, 2009)(dismissing the Orleans Parish Prison with prejudice); *Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *see also Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Thus, the Orleans Parish Prison is not proper defendant in this case.[5]

### C. Claims Against Officer Williams

#### 1. False Arrest and Imprisonment

The remaining Defendants, the Orleans Parish Prison and Officer Williams, seek dismissal of Francois' claims for False Arrest and False Imprisonment because they contend that the one year statute of limitations has elapsed. The Defendants contend that Francois was arrested on June 6, 2008, and did not file the subject lawsuit until May 17, 2010, over two years after the incident. As a result, the Defendants contend that the Plaintiff's claims for false arrest and false imprisonment should be dismissed.

The Supreme Court has held that the statute of limitations for a § 1983 action is the same as

---

[5]The Court notes that in his Complaint, Francois contends that he did not receive medical care after he suffered rectal bleeding from Officer Williams' search for crack cocaine. Francois did not seek a claim against the Nurse he claims denied him access to medical care, and seeks only a claim against the Orleans Parish Prison for this claim. Because the Orleans Parish Prison is an improper Defendant, this claim is effectively dismissed.

the statute of limitations in a personal injury action in the state in which the claim arose. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a § 1983 claim is a question of federal law. *Wallace v. Kato*, --- U.S. ----, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007); *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir.1986).

Plaintiff claims that he was falsely imprisoned following his June 2008 arrest for criminal trespass. In *Wallace v. Kato*, the United States Supreme Court determined that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter. . . ." *Id.* at 1095. Thus, the Court "referr[ed] to the two torts together as false imprisonment." *Id.* Because "unlawful detention remediable by the tort of false imprisonment is detention without legal process," the Court held that the "[l]imitations [period] begin[s] to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 1095-96.

The Defendants contend that the prescriptive period expired a year after Francois's arrest, on June 6, 2009. The Court disagrees. The proper consideration is not when Francois was arrested, but when he was released on the charge for which he was arrested. There is no information before the Court which indicates when Francois's alleged false imprisonment concluded. Therefore, the Court cannot make a determination under *Wallace* as to when the prescription period began to run, and whether such prescription period elapsed. As a result, the Court recommends that the Motion to Dismiss the Plaintiff's claims of false arrest and false imprisonment against the Orleans Parish Prison and Officer Williams be denied.

### 2. **Battery (Sexual)**

Francois further complains that Officer Williams sexually battered him when he placed his

7

fingers in his rectum in search of crack cocaine.  The Defendants contend that this claim should be dismissed because the limitations period has run.

The Fifth Circuit has approved the application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art. 3492 in a § 1983 action.  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  Since Plaintiff's claim alleges a personal injury, the claim accrued no later than June 6, 2008.  Plaintiff had one year, or until June 6, 2009, to file his federal § 1983 action.  However, this action was not filed until May 17, 2010, over eleven months too late.

As a result, Francois's claims for sexual battery are clearly barred by the applicable statute of limitations.  Therefore, the Court recommends that Francois's claims for sexual battery be dismissed as frivolous.

### 3. **Excessive Force**

The Defendants do not specifically address Francois's claims for excessive force in their motion.  However, the Defendants implicitly seek dismissal of the claim that the arresting officer used excessive force during his search and arrest by seeking dismissal of the entirely of Plaintiff's Complaint against them.

Francois contends that his Fourth Amendment right to be free from unreasonable seizures was violated.  To maintain a § 1983 claim for excessive force, Francois must demonstrate that he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."  *Flores v. City of Palacios*, 381 F.3d 391, 393 (5th Cir. 2004).  Furthermore, although the injury suffered by the Plaintiff need not be serious, it must be more than *de minimis* to demonstrate excessive force.  *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir.2001).

Applying these standards, the Court notes that, according to the Complaint, Francois was stopped in a traffic stop by Officer Williams who inquired as to whether Francois had crack cocaine in his possession. Williams alleges that he told him that he was not in possession of the drug and permitted him to conduct a search. It was then that Officer Williams searched Francois's person, rather than his vehicle, and instructed Francois to "bend over." During this search, the Officer allegedly inserted his fingers into Francois's rectum to search for the drugs. This search resulted in rectal bleeding in which Francois requested medical care.

Upon review of the allegations, the Court cannot say at this stage of the proceeding that the officers' force against a pre-trial detainee was objectively reasonable. Therefore, to the extent that the Defendants seek a dismissal of Francois's claim of excessive force, the Court finds that the request should be denied.

IV.     <u>**Recommendation**</u>

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss Plaintiff's Claims Pursuant to FRCP 12(b)(6) (R. Doc. 30)** be **GRANTED IN PART AND DENIED IN PART.**

- **IT IS RECOMMENDED** that the motion be **GRANTED** insofar as all of the claims asserted against Defendant, the New Orleans Police Department, should be **DISMISSED WITH PREJUDICE** as frivolous pursuant to § 1915.

- **IT IS RECOMMENDED** that the motion be **GRANTED** insofar as all of the claims asserted against Defendant, the Orleans Parish Prison, should be **DISMISSED WITH PREJUDICE** as frivolous pursuant to § 1915.

- **IT IS RECOMMENDED** that the motion be **GRANTED** insofar as the Plaintiff's claims for sexual battery against all Defendants should be **DISMISSED WITH PREJUDICE** as frivolous pursuant to § 1915.

- **IT IS RECOMMENDED** that the motion be **DENIED** to the extent that the Defendant, Officer Williams, seeks a dismissal of the false imprisonment and arrest

claims.

- **IT IS RECOMMENDED** that the motion be **DENIED** to the extent that the Defendant, Officer Williams, seeks a dismissal of the excessive force claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 23rd day of December 2010

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.