UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHIAS JIMMY FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:     10-1330** |
| **ERIC BLANDFORD, ET AL.** | **SECTION: "C" (4)** |

<u>**PARTIAL REPORT AND RECOMMENDATION**</u>

Before the Court is a **Motion for Partial Dismissal Pursuant to FRCP 12(b)(6) OR, in the Alternative, Motion for Summary Judgment (R. Doc. 28)**, filed by the Defendants, Officer Eric Blandford and Officer Derrick Legget, (collectively, "the Defendants"), seeking to dismiss Plaintiff, Matthias Jimmy Francois's ("Francois"), Complaint.  The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.1E(A) for the submission of proposed findings and recommendations.

I.      <u>Background</u>

The above captioned matter relates to three separate incidents in which various Louisiana Police Department Officers allegedly searched Francois's rectum for crack-cocaine.  Relevant to the instant matter, is Francois's claims against Officers Eric Blandford and Derrick Legget of the Jefferson Parish Police Department which Francois contends occurred on November 17, 2008.[1]

---

[1]The two other incidents occurred on April 8, 2010, and June 6, 2008.  Francois contends that on April 8, 2010, he was stopped by Officer Arabie of the Gretna Police Department.  Officer Arabie informed Francois that he was going to search him for crack cocaine.  After Francois informed the officer that he was not in possession of the drug, the officer allegedly handcuffed the Plaintiff and choked him until he was unconscious.  When Plaintiff woke up, the Officer allegedly had his fingers inside of the Plaintiff's rectum, causing it to bleed.  Plaintiff has sued the Gretna Police Department, Officer Arabie, and the Jefferson Parish Correctional Center for his injuries arising out of this incident.  (R.

The Plaintiff contends that on November 17, 2008, the Defendants told him that they were going to search him for crack cocaine.  (R. Doc. 1, p. 4.)  He was handcuffed and the Defendants put him in the back of their squad car.  (R. Doc. 1, p. 4.)  The Plaintiff contends that the Defendants pulled his pants down and placed their fingers inside of his rectum, which caused it to bleed.  *Id.*

Subsequently, the Plaintiff contends that the Defendants told him they wanted to search his mother's house.  After Plaintiff refused, Francois claims that the Defendants threatened him by saying they would "beat his black ass" unless he did not comply with their request.  *Id.*  The Defendants performed a search of Francois's mother's house with what they thought was crack cocaine.  The officers tested the substance and it came back negative.  Plaintiff was arrested and charged with possession with the intent to distribute counterfeit crack cocaine.  Francois contends that he paid $5,000.00 for the substance and filed a motion to have it returned.

Plaintiff was taken to the Jefferson Parish Correctional Center where he claims he was raped by another prisoner.  He also claims that he attempted to receive medical care for his bloody rectum but was not provided with medical attention.  He asserts claims against the Defendants for excessive force and sexual battery.

As to the present motion, the Defendants seek dismissal of the Plaintiff's claims against them.  The Defendants contend that they did not have any contact with the Plaintiff on November 17, 2008.  Instead, the only contact they had with the Plaintiff occurred on January 11, 2008.  The Defendants

---

Doc. 1, pp. 1-2.)

Francois also contends that on June 6, 2008, he was stopped by Officer Williams of the New Orleans Police Department outside of a housing project in Iberville, Louisiana.  (R. Doc. 1, p. 3.)  Officer Williams told Francois to get out of the car, and asked the Plaintiff if he was in possession of crack cocaine.  Francois replied that he was not in possession of the drug.  Officer Williams informed Francois that he was going to perform a search for crack cocaine.  Francois told the Officer that he could begin his search.  Subsequently, Officer Williams told Francois to "bend over" and performed a rectal exam which caused the Plaintiff to bleed.  The Officer did not find any crack cocaine, but arrested the Plaintiff for criminal trespassing.  *Id.*

contend that, irregardless of whether the events alleged by the Plaintiff occurred on November 17, 2008, or January 11, 2008, the claims should be dismissed because they were not timely filed.  (R. Doc. 28-1.)  Francois opposes the motion.  (R. Doc. 32.)

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides that, in response "to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim" the pleader may raise by motion the defense of "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6).  In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464 (5th Cir.2004)(*quoting Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

"[T]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'" in order to survive a Rule 12(b)(6) motion to dismiss.  *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1965 (quotation marks, citations, and footnote omitted).[2]  Pursuant to Rule 12(b)(6), the Motion to Dismiss shall be treated as a motion for summary judgment.

---

[2] Judge Duval noted in *In re Katrina Canal Breaches Consol. Litigation*, No. 05-4182, 2008 WL 4449970 (E.D. La. Sept. 29, 2008) that the Supreme Court abrogated the often cited "no set of facts" language in *Conley,* commenting that the case has been frequently mis-characterized as setting forth a minimum pleading standard when it was simply "describ[ing] the breadth of opportunity to prove what an adequate complaint claims." *Twombly,* 127 S.Ct. at 1968. In other words, the *Twombly* court reads *Conley* as standing for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* (citing *Sanjuan v. American Bd. of Psychiatry and Neurology,* 40 F.3d 247, 251 (7th Cir.1994)(once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). Thus, rejecting the *Conley* "no set of facts" test, the *Twombly* court employs a plausibility standard for scrutinizing the sufficiency of pleadings in the context of a Rule 12(b)(6) motion.

III.    **Analysis**

In their motion to dismiss, Defendants argue that although the Plaintiff contends that the events giving rise to his claims against them occurred on November 17, 2008, they actually occurred on January 11, 2008.  Regardless of when the arrest and event alleged occurred, Defendants contend that the Plaintiff did not file the present action until April 30, 2010, after the one year period allowed by law.  (*See* R. Doc.28-1.)   The Defendants therefore contend that the Plaintiff's Complaint and allegations filed against them should be denied.

Francois, in contrast, alleges that the subject motion should be dismissed because: (1) the defendants do not have any evidence that his allegations are false; (2) that his claim is not subject to a prescriptive period; and (3)that he has an eyewitness who would testify on his behalf at his trial.  (R. Doc. 32.)  He therefore requests that the Court deny the Defendant's Motion to Dismiss.

The Fifth Circuit has approved the application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art. 3492 in a § 1983 action.  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir.1980).  Plaintiff therefore had one year to file his federal § 1983 action.  Depending on what date the events alleged actually occurred, Francois had until either January 11, 2009, or November 17, 2009, in which to file his claims.  However, this action was not filed until April 30, 2010, after both of those deadlines had passed.  Thus, Francois's § 1983 claims for sexual assault and excessive force have prescribed.  These claims should therefore be dismissed on this basis as frivolous.

IV.    **Recommendation**

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Partial Dismissal Pursuant to FRCP 12(b)(6) OR, in the Alternative, Motion for Summary Judgment (R. Doc. 28)** be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 10th day of January 2011

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.