# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHIAS JIMMY FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:      10-1330** |
| **ERIC BLANDFORD, ET AL.** | **SECTION: "C" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion for Summary Judgment (R. Doc. 45)**, filed by the Plaintiff, Matthias Jimmy Francois, seeking a summary judgment against the defendants because his medical records from the J.P.C.C. confirm that there is no question of material fact.   The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.1E(A) for the submission of proposed findings and recommendations.

## I.      Background

The above captioned matter relates to three separate incidents in which various Louisiana Police Department Officers allegedly searched Francois's rectum for crack cocaine.  Relevant to the instant matter, Francois contends that on April 8, 2010, he was stopped by Officer Arabie of the Gretna Police Department.  Officer Arabie informed Francois that he was going to search him for crack cocaine.

After Francois informed the officer that he was not in possession of the drug, the officer allegedly handcuffed the Plaintiff and choked him until he was unconscious.  When the Plaintiff woke up, the Officer allegedly had his fingers inside of his rectum, causing it to bleed.  The Plaintiff has sued

the Gretna Police Department, Officer Arabie, and the Jefferson Parish Police Department for his injuries arising out of this incident.  (R. Doc. 1, pp. 1-2.)

As a result, Francois filed the present action seeking monetary damages for false arrest, false imprisonment, police brutality, excessive force, and sexual battery in violation of his Fourth Amendment rights against Arabie and the other defendants.  On October 26, 2010, the undersigned partially granted the Plaintiff's Motion to Amend the complaint to the extent that he sought to remove the Jefferson Parish Police Department, the Jefferson Parish Prison, and the Gretna Police Department.[1]

The undersigned also previously issued two Reports and Recommendations in this matter.  The first recommendation[2] was filed regarding the Orleans Parish defendants Motion to Dismiss[3] wherein the undersigned recommended dismissal of the claims against the New Orleans Police Department, the Orleans Parish Prison, and the Plaintiff's claims of sexual battery as to all defendants.  The Report was clarified as to the sexual battery claim to note that it was regarding the dismissal as to the claim against Officer Melvin Williams. [4]

Secondly, on Motion of Officer Eric Blandford and Officer Derrick Legget, the undersigned issued a Report and Recommendation recommending dismissal of the claims against them on the basis that the claim arising from the November 17, 2008 was prescribed.[5]  As a result, the only remaining claim is the claim arising out of the April 10, 2010 arrest by Officer Arabie.

---

[1]Rec. Doc. 48.

[2]Rec. Doc. 59.

[3]Rec. Doc. 30.

[4]Rec. Doc.61.

[5]Rec. Doc.60.

As to the present motion, the Plaintiff, Matthias Jimmy Francois filed the subject motion seeking a judgment against Officer Arabie.  He alleges that the medical records he obtained confirms that he complained to the nurse that Officer Arabie chocked him until he passed out and reportedly placed his finger in Francois' rectum.  He alleges therefore that he is entitled to judgment.

## II.   Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 ( C).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried.  *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).  In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party.  *Id*., at 248.

However, the non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion.  *Williams v. Borough of West Chester, Pa.*,  891 F.2d 458, 460 (3d Cir. 1989).  The non-moving party cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  *Id.; see also Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

## III.   Analysis

In his Motion for Summary Judgment, Francois contends that the medical records he received confirms that he complained of having been choked until unconscious and also that Officer Arabie placed his fingers in Francois' rectum.  However, the medical records are not a part of the record. Even if the medical records were provided, the record indicating that he complained alone would not be evidence of injury.

The Court notes that the Plaintiff has also failed to present any proof whatsoever that Officer Arabie actually injured his rectum as alleged through the use of force that is unconstitutional.   Plaintiff has presented nothing beyond the conclusory allegations in the Complaint. This is insufficient at the summary judgment stage.  *Johnson v. City of Cincinnati*, 119 F.Supp.2d 735, 739 (S.D.Ohio 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Therefore it is recommended that Francois's Motion for Summary Judgment be DENIED.

## IV.    Recommendation

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Rec. Doc.45)** filed by the Plaintiff, Matthias Jimmy Francois be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 24th day of January 2011

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

4