UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHIAS JIMMY FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:     10-1330** |
| **ERIC BLANDFORD, ET AL.** | **SECTION: "C" (4)** |

### SUPPLEMENTAL PARTIAL REPORT AND RECOMMENDATION

On December 27, 2010, the undersigned issued a Partial Report and Recommendation[1] (R. Doc. 59) which recommended, among other things, that the Defendant's request to dismiss Francois' claim for excessive force against Officer Williams be denied. Upon further review of the allegations in the Complaint, the Court supplements its previous Report and Recommendation and recommends that the excessive force claim against Officer Williams be dismissed as time-barred.

Francois claims that on June 6, 2008, Officer Williams, of the New Orleans Police Department, subjected him to excessive force by improperly searching his rectum for crack cocaine. The Court previously recommended that Francois be permitted to continue his pursuit of this claim because at this stage in the proceeding, the Court could not say that Officer Williams' search of Francois was objectively reasonable.

Upon further review, the Court notes that the Fifth Circuit has approved the application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art. 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Since Plaintiff's claim alleges a personal injury, the claim accrued no later than June 6, 2008. Plaintiff had one year, or until June

---

[1] On January 21, 2011, a clarification to the Partial Report and Recommendation was issued. (R. Doc. 61.)

6, 2009, to file his federal § 1983 action. However, this action was not filed until May 17, 2010, over eleven months too late.

As a result, Francois' claim for excessive force is clearly barred by the applicable statute of limitations. Therefore, the Court recommends that Francois' claim for excessive force be dismissed as time-barred.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss Plaintiff's Claims Pursuant to FRCP 12(B)(6) (R. Doc. 30)** be **GRANTED** insofar as the Plaintiff's claim for excessive force against Officer Williams should be **DISMISSED WITH PREJUDICE** as frivolous pursuant to § 1915 because it is time-barred.

All other aspects of the Partial Report and Recommendation remain the same.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 24th day of February 2011

**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.