UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHIAS JIMMY FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1330** |
| **OFFICER ERIC BLANDFORD OF THE JEFFERSON PARISH POLICE DEPARTMENT, ET AL** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

The plaintiff, Matthias Jimmy Francois, filed a **Motion in Order for Issuance of Subpoenas (Rec. Doc. No. 82)**, in which he seeks to have a subpoenas duces tecum issued to an unidentified party to obtain the copies of the New Orleans Police customs, policies, and procedures.

Francois filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 seeking relief for the alleged use of excessive force during improper rectal searches for crack cocaine.[1] He does not state a basis for the issuance of the subpoena or a need for the items requested.

Francois has not indicated any attempt to obtain the documents through the normal channels of discovery from a party or non-party or that such a request was denied. He, nevertheless, has failed to indicate from whom the documents are sought, to whom the subpoena should be issued,

---

[1] Rec. Doc. No. 3.

or an address for it to be served. Furthermore, the mere fact that he is proceeding as a pauper does not entitle him to avoid the costs of serving the requested subpoenas. He has not provided any such payment or provisions therefor. Pauper status does not entitle him to have either the Court or non-parties underwrite his discovery expenses. *See Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991).[2] Accordingly,

**IT IS ORDERED** that Francois's **Motion in Order for Issuance of Subpoenas (Rec. Doc. No. 82**) is **DENIED**.

New Orleans, Louisiana, this 28th day of November, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In *Badman*, the court noted:

> The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules.

*Badman*, 139 F.R.D. at 605 (citations omitted). Where, as here, a plaintiff has made no provision for the costs of discovery, it is appropriate for his requests for the issuance of subpoenas duces tecum to be denied. *Id*.