UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS JIMMY FRANCOIS | CIVIL ACTION |
| VERSUS | NO. 10-1330 |
| OFFICER ERIC BLANDFORD OF THE JEFFERSON PARISH POLICE DEPARTMENT, ET AL | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

**ORDER AND REASONS**

The defendant, Officer Arabie, filed an Involuntary Motion to Dismiss Proceedings for Plaintiff's Failure to Appear at Deposition (Rec. Doc. No. 98). Arabie argues that Francois failed to appear at two depositions of him noticed for August 22, 2011, and December 12, 2011, and otherwise did not provide a response or objection to the notice. As a result, Arabie seeks dismissal of Francois's complaint with prejudice. Francois has not responded to the motion.

**I. Factual and Procedural Background**

Francois filed this *pro se* and *in forma pauperis* complaint on May 17, 2010, pursuant to 42 U.S.C. § 1983 seeking relief for the alleged use of excessive force during improper rectal searches for crack cocaine by different officers on different dates.[1] According to the defendant, on July 28, 2011, prior counsel noticed Francois's deposition for the first time for August 22, 2011 at 9:00 a.m.[2]

---

[1] Rec. Doc. No. 3.

[2] Rec. Doc. No. 98-2, p. 4.

The deposition was noticed to be held at counsel's office in Metairie, Louisiana. Francois by that time had moved to Fort Pierce, Florida, where it appears the notice was sent.[3] Arabie, however, has not provided proof of receipt by Francois of the notice. Arabie also has not provided any proof or proces-verbal to establish that the deposition was called or conducted at that time. Instead, Arabie only alleges that Francois failed to appear at the scheduled time. Arabie did not seek relief from the Court or file a motion to compel or for sanctions after this failed deposition at that time.

Instead, apparently after receiving no response from Francois to follow-up requests to reschedule, on or about November 14, 2011, Arabie re-noticed the deposition for December 12, 2011, at 2:00 p.m. at counsel's office in Metairie, Louisiana.[4] This date was the last date allowed by the Court's scheduling order for completion of depositions.[5] While there is no proof provided that the notice was received by Francois, Arabie has provided a proces-verbal to establish that this deposition was called and Francois did not appear.[6]

## II. Law and Analysis

The law governing dismissal as a sanction under Fed. R. Civ. P. 37(b)(2) and (d) is well established. For failure to appear at a deposition, Fed. R. Civ. P. (d)(1) provides in relevant part as follows:

    (1)    In General.
    A.    The court where the action is pending may, on motion, order sanctions if: ...
          (i)    a party [. . .] fails, after being served with proper notice, to appear for that person's deposition; [. . .]
    (3)    Types of Sanctions.

---

[3]Rec. Doc. No. 72.

[4]Rec. Doc. No. 98-2, p. 7.

[5]Rec. Doc. No. 70.

[6]Rec. Doc. No. 100.

2

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. [. . .]

In addition to the mandatory award of reasonable expenses, as indicated above, the other available sanctions allowed by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) are as follows:

> (b) Failure to Comply with a Court Order.
> [. . .]
> (2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party [. . .] fails to obey an order to provide or permit discovery [. . .] the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; [. . .]

Under Fed. R. Civ. P. 37(b), dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances. *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 430 (5th Cir. 1987); *Bluitt v. Arco Chemical Co.*, 777 F.2d 188, 190-91 (5th Cir. 1985). Dismissal is a serious sanction that implicates due process. *See, e.g., FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Moreover, "[t]he imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Dismissals with prejudice are reserved for the most egregious cases, where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). The aggravating factors include the following: (1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the defendant. *Id*.

Dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith, not from an inability to comply, and is accompanied by a clear record of delay or contumacious conduct. The conduct also must substantially prejudice the opposing party. Furthermore, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Fed. R. Civ. P. 37. *U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

In this case, this is the defendant's first request for relief by sanction for Francois's failure to attend his deposition(s). The Court has not before been given a formal opportunity to correct Francois's behavior or order his compliance before the most serious sanction of dismissal with prejudice was pursued.

The Court also notes that the depositions were noticed for Metairie, Louisiana while Francois, a pauper, resides in Florida. Counsel could have requested or sought court order for a video or telephone deposition to be conducted after his first missed deposition. No such request was made and no other motion filed after that first missed deposition. Arabie again still has not asked for any lesser sanction than dismissal.

Arabie also has not established, mentioned or alleged, and the record does not disclose, any specific prejudice to the defense as a result of Francois's failure to attend which would warrant the

extreme sanction of dismissal. There is no record or other showing of contumacious behavior or other delay by Francois in this case. Francois has not disobeyed any order of this Court. The Court is not inclined to take the drastic measure of dismissing Francois's case on the eve of trial set for Tuesday, January 10, 2012.

However, under Fed. R. Civ. P. 37(d)(3), a court must order the non-appearing party to pay the movant's reasonable expenses, including attorney's fees, caused by the failure to appear, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Francois has not responded to the motion to provide this court with any justification for his failure to appear, and there is nothing in the record to render the award unjust. The Court notes, however, that Arabie has only provided proof by proces-verbal that the second deposition was called and Francois did not appear. The Court, therefore, will limit the award of sanctions of reasonable fees, including attorney's fees, to Francois's failure to appear at the second deposition.

**IT IS ORDERED** that Officer Arabie's **Involuntary Motion to Dismiss Proceedings for Plaintiff's Failure to Appear at Deposition (Rec. Doc. No. 98)** is **DENIED in part** to the extent the motion seeks dismissal of Francois's complaint against Officer Arabie and **GRANTED in part** to the extent Fed. R. Civ. P. 37(d)(3) requires the award of reasonable expenses, including attorney's fees, for Francois's failure to appear at the second deposition on December 12, 2011.

**IT IS FURTHER ORDERED** that Officer Arabie shall file a motion to fix expenses and attorney's fees into the record on or before **Wednesday, January 25, 2012**, along with: (1) an affidavit attesting to the attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the expenses

and fee application shall be filed no later than **Wednesday, February 1, 2012**. Officer Arabie shall at the time of filing notice the motion to fix attorney's fees for hearing on **Wednesday, February 8, 2012**, and the motion shall be submitted on that date **without oral argument**.

New Orleans, Louisiana, this 6th day of January, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**