UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS JIMMY FRANCOIS | CIVIL ACTION |
| VERSUS | NO. 10-1330 |
| OFFICER ERIC BLANDFORD OF THE JEFFERSON PARISH POLICE DEPARTMENT, ET AL | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

### ORDER AND REASONS

Before the Court is a **"Motion to Dismiss Pursuant to FRCP 12(b)(6) or, Alternatively, for Summary Judgment Pursuant to F.R.C.P. 56" (R. Doc. 111**) filed by the defendant, New Orleans Police Officer Melvin Williams, which was submitted without oral argument on February 1, 2012.[1] Officer Williams seeks dismissal of the plaintiff Matthias Jimmy Francois's 42 U.S.C. § 1983 claims of false arrest, and argues that Francois's claims should be dismissed as prescribed, barred from review, and/or as meritless and/or because Officer Williams is entitled to qualified immunity. Francois has not filed an opposition to the motion.[2]

---

[1] The Magistrate Judge is acting upon consent of the parties under 28 U.S.C. § 636(c). R. Docs. 74, 75.

[2] The Court notes that recent mail sent to Francois at his Florida address has been returned as undelivered. R. Doc. 38. Francois advised the court on the record in open court on January 10, 2012, that he was still living and receiving mail at that address and that the Court and the parties could continue to send him mail at that address.

I.      **Factual Background**

On May 17, 2010, Matthias Jimmy Francois (Francois") filed this *pro se* and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 against Officer Eric Blandford, Officer Derrick Legget, New Orleans Police Officer Melvin Williams, the New Orleans Police Department, the Jefferson Parish Police Department, Gretna City Police Officer Arabie, the Orleans Parish Prison, the Jefferson Parish Prison, and the Gretna Police Department.[3] While the original claims related to three separate incidents, pursuant to the prior orders of the Court, the only remaining claims are those of false arrest against Officer Williams and those of excessive force, false arrest, false imprisonment, and denial of medical care against Officer Arabie.[4] All other claims and defendants have been dismissed.

The claims against Officer Williams, the subject of the motion before the Court, arise from an alleged incident on June 6, 2008. Francois contends that on that date, he was stopped by Officer Williams outside of the Iberville housing project in New Orleans, Louisiana. Officer Williams told Francois to get out of the car and asked him if he had crack cocaine. Francois replied that he did not have any crack cocaine on his person. Officer Williams informed Francois that he was going to perform a search for crack cocaine, and Francois consented.[5] Subsequently, Officer Williams told Francois to "bend over" and then performed a rectal search, which caused Francois to bleed. The Officer did not find any crack cocaine, but arrested Francois for criminal trespass.

---

[3]R. Docs. 1, 5, 17, 41, 48, 51.

[4]R. Docs. 51, 63, 64, 68.

[5]It is implicit in the Plaintiff's pleading that he believed Officer Williams intended to perform a search of the Plaintiff's vehicle, and not his person.

Francois filed this suit against Officer Williams seeking $3 million in damages for false arrest, false imprisonment, excessive force, and sexual battery in violation of his constitutional rights. As noted above, all but the false arrest and false imprisonment claims have been dismissed.

## II.     Standards of Review

### A.     Appropriate Standard to Address Defendants' Motion

The defendant filed the instant motion seeking relief pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Rule 12, however, states that a motion raising defenses listed therein, including Rule 12(b)(6), "must be made *before* pleading if a responsive pleading is allowed." (emphasis added). The defendant has answered the original and amended complaint and this matter is moving forward to trial in April, 2012. The Rule 12(b)(6) motion to dismiss is untimely. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Rule 12(c), on the other hand, states that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." The defendant has not filed a motion captioned as one seeking judgment on the pleadings nor have they invoked Rule 12(c). However, the Court may construe an untimely Rule 12(b)(6) motion as one for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Jones*, 188 F.3d at 324; Fed. R. Civ. P. 12(h)(2)(B); *see also*, *Quality Infusion Care Inc. v. Humana Health Plan of Texas, Inc.*, No. 07-20703, 07-20887, 2008 WL 3471861 (5th Cir. Aug. 13, 2008). In the interest of justice, the Court will construe the defendant's motion accordingly.

However, because the defendant has presented affidavits and documentation with its motion that are outside of the pleadings already before the Court, the Court must address the motion as one

seeking summary judgment under Fed. R. Civ. P. 56. The defendant also has presented the motion as a summary judgment in the alternative. The parties are already on notice of that intention.

### B. Standard of Review under Fed. R. Civ. P. 56

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Lindquist v. City of Pasadena, Tex.*, __ F.3d __, 2012 WL 208065, at *6 (5th Cir. Jan. 25, 2012) (quoting *Travelers Lloyds Ins. Co. v. Pac. Emp'rs Ins. Co.*, 602 F.3d 677, 681 (5th Cir. 2010)). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986); *Lindquist*, 2012 WL 208065, at *6 (quoting *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id.*, 477 U.S. at 248; *Lindquist*, at *6 (*Frakes v. Crete Carrier Corp.*, 579 F.3d 426, 429-30 (5th Cir. 2009)).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant to show that summary judgment should not lie. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001); *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the light most favorable

to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.  *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp*, 477 U.S. at 324.  If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

### III.   Analysis

Officer Williams argues first in his motion that the claims of false arrest and false imprisonment against him prescribed before Francois filed this civil action on May 17, 2010.  As noted above, Francois has not opposed this motion.  For the reasons, that follow, the Court need not address the other defenses raised in the motion, because Francois's complaint was not timely filed against Officer Williams.

The record pleadings, including the instant motion, indicate that Officer Williams stopped and arrested Francois on June 6, 2008.  The summary judgment evidence on which Officer Williams relies, however, reflects that Francois was stopped and arrested by Officer Williams on June **2**, 2008 and charged with an expired brake tag, driving with a suspended license, and criminal trespass.[6]  It

---

[6] R. Doc. 111-4, pp. 1-4.

also indicates that he was arraigned at 3:00 p.m. on June 3, 2008.[7]  This evidence has not been refuted by any other competent summary judgment evidence.

Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).  In Louisiana, personal injury claims are governed by La. Civ. Code art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.[8]  *See Jacobsen*, 133 F.3d at 319 (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)).

For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action.  *Wallace*, 549 U.S. at 388; *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief."  *Id*., at 388 (citations omitted).

The Supreme Court also has declared that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter."  *Wallace*, 549 U.S. at 388.  The Court resolved that, with false arrest and false imprisonment claims, damages accrue through the time period in which the detention is without legal process.  *Id*., at 389.  Once a plaintiff's detention is pursuant to legal process, the

---

[7]*Id*., pp. 1, 3.

[8]Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

false arrest and false imprisonment comes to an end, and the separate tort of malicious prosecution begins. *Id.*, at 389-90. The Court went on in *Wallace* to clarify the parameters of the tort claims of false imprisonment, hence false arrest, like those asserted here by the plaintiff:[9]

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date [ ].

*Wallace*, 549 U.S. 389-90 (citations and footnote omitted).

Based on these premises, the Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.*, at 397. The Court went on to explain that legal process was, for example, when a person is bound over by a magistrate or arraigned on charges. *Id.*, at 390. Since the Supreme Court addressed both false arrest and false imprisonment in this same light, both claims are subject to the same limitations period.

Considering the foregoing, Francois's claims of false arrest and false imprisonment against Officer Williams arising out of his stop and arrest on June 2, 2008, accrued for limitations purposes on June 3, 2008, when he was arraigned. Applying Louisiana's applicable one year statute of

---

[9]The Court notes that the Supreme Court refused to consider whether a malicious prosecution claim can be urged under § 1983 and instead addressed the claim as one under state law.

7

limitations, Francois had one year from that date, or until June 3, 2009, to file these claims against Officer Williams and he failed to do so.

Francois submitted his complaint with a pauper application to the clerk of this federal court on April 30, 2010, and the complaint was filed on May 17, 2010, when his pauper application was granted.[10] His complaint is deemed filed on April 30, 2010,[11] and it was not timely. The complaint was filed ten months after expiration of the limitations period on June 3, 2009. Francois's claims against Officer Williams must be dismissed. Accordingly,

**IT IS ORDERED** that Officer Williams's **"Motion to Dismiss Pursuant to FRCP 12(b)(6) or, Alternatively, for Summary Judgment Pursuant to F.R.C.P. 56" (Rec. Doc. No. 111)** is **GRANTED** and the plaintiff Matthias Francois's 42 U.S.C. § 1983 claims for false arrest and false imprisonment against Officer Williams are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 22nd day of February, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] R. Docs. 1, 2, 3.

[11] The day the complaint was submitted with the pauper application is considered the filing date. *Accord Hernandez v. Aldridge*, 902 F.2d 386 (5th Cir. 1990); *see also*, *Martin v. Demma*, 831 F.2d 69 (5th Cir.1987) (The receipt of the complaint by the clerk of court is the operative event considered in determining timeliness.); *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1392 (5th Cir. 1991) ("a delay by the clerk in stamping the complaint 'filed' due to the pendency of a motion to proceed IFP does not jeopardize the timeliness of the plaintiff's commencement of suit.").