UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS JIMMY FRANCOIS | CIVIL ACTION |
| VERSUS | NO. 10-1330 |
| OFFICER ERIC BLANDFORD OF THE JEFFERSON PARISH POLICE DEPARTMENT, ET AL | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

### ORDER AND REASONS

Before the Court is the Motion to Fix Expenses and Attorney Fees (Rec. Doc. No. 123) filed by the defendant, Officer Arabie, seeking an order from this Court granting him $475.00 in costs and attorney's fees. The motion was heard without oral argument on February 15, 2012. The plaintiff, Matthias Jimmy Francois, has not filed an opposition to the motion.

**I.      Factual and Procedural Background**

Francois filed this *pro se* and *in forma pauperis* complaint on May 17, 2010, pursuant to 42 U.S.C. § 1983 seeking relief for the alleged use of excessive force during improper rectal searches for crack cocaine by different officers on different dates.[1] As previously represented in the record, on July 28, 2011, prior counsel for Officer Arabie noticed Francois's deposition for the first time

---

[1] R. Doc. 3.

for August 22, 2011 at 9:00 a.m. in counsel's office in Metairie, Louisiana.[2]  Francois failed to appear at the scheduled time.

After receiving no response from Francois to follow-up requests to reschedule, on or about November 14, 2011, Officer Arabie's counsel re-noticed the deposition for December 12, 2011, at 2:00 p.m. at counsel's office in Metairie, Louisiana.[3]  This date was the last date allowed by the Court's scheduling order for completion of depositions.[4]  Arabie previously presented a proces-verbal to establish that this deposition was called and Francois did not appear.[5]

On January 3, 2012, Officer Arabie filed a motion to involuntarily dismiss Francois's claims against him as a sanction for his failure to appear at the two depositions.  By Order of this Court on January 6, 2012, the motion was denied in part to the extent it sought dismissal of Francois's complaint against Officer Arabie, and was granted in part to the extent Fed. R. Civ. P. 37(d)(3) requires the award of reasonable expenses, including attorney's fees, for Francois's failure to appear at the second deposition on December 12, 2011.

At the direction of the Court, Officer Arabie filed a motion to fix expenses and attorney's fees, which is now before the Court.  Francois has not filed a response or opposition to the motion.

---

[2] R. Docs. 101, 98-2, p. 4.

[3] R. Doc. 98-2, p. 7.

[4] R. Doc. 70.

[5] R. Doc. 100.

## II.     **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[6] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id*.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[6]The twelve Johnson factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

**III.     Analysis**

   **A.     Determining a Reasonable Hourly Rate**

The first step in calculating the lodestar amount is determining the reasonable hourly rate. In the Fifth Circuit, a reasonable hourly rate is derived by "consider[ing] the attorneys' regular rates as well as prevailing [market] rates." *La. Power & Light Co.*, 50 F.2d at 328. In this case, Officer Arabie seeks to recover fees for work performed by his prior counsel, the Honorable Franz L. Zibilich[7], at a requested rate of $150.00 per hour, plus the other costs and expenses incurred in noticing and calling the depositions.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896, n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439, n.15.

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *La. Power & Light Co.*, 50 F.3d at 328.

---

[7] At the time of the deposition, Franz Zibilich was a practicing attorney. He subsequently was elected as Judge Criminal District Court in Orleans Parish.

In support of the motion, Officer Arabie has provided Mr. Zibilich's affidavit.[8] According thereto, Mr. Zibilich has been licensed to practice law in Louisiana for 27 years. For 24 of those years, he served as a Deputy City Attorney for the City of New Orleans primarily in matters involving the New Orleans Police Department. He has also represented the Jefferson Parish Sheriff's Office and other law enforcement agencies as chief trial attorney in the past 20 years. He also served as chief trial counsel for the City of Gretna, Gretna Police Department for 7 years.

This experience led him to serve as trial counsel in over 150 jury trials involving law enforcement agencies, departments and police officers, in the areas of unlawful arrest, unreasonable searches and seizures, and excessive force. Mr. Zibilich submits that his client incurred $285.00 in attorney's fees at a rate of $150.00 per hour and $190.00 in deposition costs in connection with the two scheduled depositions of Francois.

Officer Arabie has also submitted the affidavit of Timothy Richardson, who has been a licensed attorney for eleven years in Louisiana.[9] According to his affidavit, he has served as trial counsel for numerous sheriffs and sheriff's departments in Louisiana for the past 10 years. He indicates that he has extensive experience in representing law enforcement agencies, police officers, deputy sheriffs, and sheriffs in civil rights cases, including those for unlawful arrest, unreasonable search and seizure, and excessive force in this locale and elsewhere. Mr. Richardson also attests that, based on his experience and knowledge, the hourly rate charged by attorneys representing law enforcement agencies, police officers, and sheriffs averages from $150.00 to $275.00 per hour.

---

[8] R. Doc. 123-2, pp. 1-2.

[9] R. Doc. 123-2, pp. 11-12.

Based on the foregoing, Officer Arabie has provided sufficient evidence to support his position that $150.00 per hour is in line with prevailing rates in the community for similar services by attorneys of reasonable comparable skill, experience, and reputation.  The Court finds that the requested rate of $150.00 per hour is appropriate and reasonable.  *Accord Police Ass'n of New Orleans v. City of New Orleans*, 951 F. Supp. 622, 628 (E.D. La. 1997) (Sear, J.) (holding that $150 per hour was reasonable in a § 1983 case based upon counsel's 22 years of experience as a civil rights attorney and the Judge's own knowledge of attorney's fees in the district); *Baker v. St. Bernard Parish Council*, No. 08-1303, 2008 WL 4681373, at *16 (E.D. La. Oct. 21, 2008) (Vance, J.) (finding reasonable fee in civil rights case to be $195 per hour); *Oyefodun v. City of New Orleans*, No. 98-3283, 2001 WL 775574, at *9 (E.D. La. Jul. 9, 2001) (Vance, J.) (recognizing $150 as appropriate rate in civil rights case).  The Court therefore finds that the hourly rate requested by Officer Arabie for Mr. Zibilich's services is reasonable.

### B.     **Determining the Reasonable Hours Expended**

After determining a reasonable hourly rate, the Court must calculate the number of hours reasonably expended.  *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).  The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment."  *Wegner*, 129 F.3d at 822; *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

At the outset, the Court reiterates that, pursuant to its prior Order, the awarded fees relate only to the second Francois deposition held December 12, 2011.[10] The records submitted for fees and expenses attributable to the deposition noticed for August 22, 2011, are properly provided for comparison, but are not included in the final calculation.

Mr. Zibilich's affidavit and its attachments indicate that he devoted a total of 1.8 hours to preparing for the December 12, 2011 deposition.[11] The Court does not find that this time was excessive, duplicative, or unreasonable. Accordingly, the reasonable amount of attorney's fees to be awarded to Officer Arabie in connection with the December 12, 2011 deposition is 1.8 hours at $150.00 per hour totaling $270.00.

The Court also recognizes that Officer Arabie has presented sufficient evidence to establish the expenditure of $95.00 in deposition costs to Kelly and Associates, LLC, in connection with the December 12, 2011 deposition.[12] This further obligates the plaintiff to pay a total for fees and expenses to Officer Arabie in the amount of $365.00.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047

---

[10]R. Doc. 101.

[11]R. Doc. 123-2, pp. 2, 7. The affidavit references $285 for the time allotted, but that calculation seems to be in error.

[12]R. Doc. 123-2, p. 10.

(5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Officer Arabie's Motion to Fix Expenses and Attorney's Fees (Rec. Doc. No. 123) is hereby **GRANTED**, and Officer Arabie is awarded $270.00 in attorney's fees and $95.00 in expenses, for a total of $365.00, for the deposition of Matthias Jimmy Francois noticed for December 12, 2011.

**IT IS FURTHER ORDERED** that the plaintiff, Matthias Jimmy Francois, **SHALL** satisfy his obligation to pay these fees and costs, a total amount of $365.00, to Officer Arabie no later than thirty (30) days from the issuance of this Order.

New Orleans, Louisiana, this 7th day of March, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**