UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHIAS JIMMY FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1330** |
| **OFFICER ERIC BLANDFORD OF THE JEFFERSON PARISH POLICE DEPARTMENT, ET AL** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

The defendant, Officer Arabie, filed an **Motion for Contempt, Sanctions, and to Strike Obadiah Francois as a Witness for Failure to Appear at Deposition (Rec. Doc. No. 127)**. Officer Arabie argues that Obadiah Francois, the only listed witness for the plaintiff, failed to appear at his deposition which was noticed for February 1, 2012 pursuant to the order of this Court, and he otherwise did not provide any reason or excuse for his failure to appear. As a result, Arabie seeks to have Obadiah Francois stricken from the plaintiff's witness list, to have him held in contempt of court, and to require him to pay reasonable costs and expenses for the scheduling of the deposition. No opposition has been filed in response to this motion.

### I.     Factual and Procedural Background

The plaintiff, Matthias Jimmy Francois, filed this *pro se* and *in forma pauperis* complaint on May 17, 2010, pursuant to 42 U.S.C. § 1983 seeking relief for the alleged use of excessive force

during improper rectal searches for crack cocaine by different officers on different dates.[1] Officer Arabie is the sole remaining defendant with a jury trial scheduled for April 23, 2012.

On January 17, 2012, in light of the rescheduled trial date, Officer Arabie filed a motion seeking leave of court to schedule the deposition of Obadiah Francois, the plaintiff's only listed witness and who had not been previously deposed.[2] The Court granted the motion for leave on January 18, 2012, and directed that the deposition be set by counsel as requested for 3:00 p.m. on February 1, 2012, at counsel's law office.[3]

According to the defendant, the deposition was noticed. Obadiah Francois was personally served by a process server on January 15, 2012, with the notice and a subpoena commanding his appearance at the deposition, along with a check for the witness fee.[4] In further support of the motion, Arabie has attached a proces-verbal to establish that the deposition was called at that scheduled time and Obadiah Francois did not appear.[5] Officer Arabie also indicates that Obadiah Francois did not contact counsel or provide any reason for his failure to appear.

**II.    Law and Analysis**

    **A.    No Contempt Under Fed. R. Civ. P. 37**

A party who wishes to depose a person by oral questions must give reasonable written notice to every other party. Fed. R. Civ. P. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and address. *Id*. Pursuant to Fed. R. Civ. P. 37(b),

---

[1] Rec. Doc. No. 3.

[2] Rec. Doc. No. 107.

[3] Rec. Doc. No. 112.

[4] Rec. Doc. No. 127-2, pp. 1-2, 4, 11-12.

[5] Rec. Doc. No. 127-2, pp. 8-13.

when a court "orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."

In the instant matter, the exhibits attached to Officer Arabie's motion reflect that the notice for the deposition contained the requisite information and was proper under Fed. R. Civ. P. 30. As a result, Officer Arabie seeks contempt and sanctions as relief under Fed. R. Civ. P. 37, quoted above.

A party seeking an order of civil contempt must establish the following by clear and convincing evidence: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). A party commits contempt by violating a definite and specific order of the court which requires him to perform or refrain from performing a particular act or acts with knowledge of the Court's order. *Id*.

In the instant matter, however, there was no specific court order compelling Obadiah Francois to appear at the deposition. The Court on motion of Officer Arabie granted leave for Obadiah Francois's deposition to be noticed outside of the deadlines previously set in light of the rescheduled trial date.[6] The Court was not asked to and did not order Obadiah Francois to appear at that deposition.[7] The motion sought only leave to notice the deposition and that leave was granted. For this reason, there is no basis to find contempt under Fed. R. Civ. P. 37, since Obadiah Francois was not ordered by this Court to attend that deposition.

---

[6]Rec. Doc. No. 107.

[7]Rec. Doc. No. 112.

Furthermore, federal courts have recognized that Fed. R. Civ. P. 37 directs the Court on contempt committed by parties, where Fed. R. Civ. P. 45(e) governs contempt for failure to comply with subpoenas against non-parties.  Rule 37 simply does not provide a remedy for the failure of a non-party witness to appear at a deposition.  Fed. R. Civ. P. 37(b)(1); *see also*, *Hernandez v. Tregea*, No. 07-149, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008).  There is no basis to grant relief to Officer Arabie under Fed. R. Civ. P. 37.

### B.     Contempt Under Fed. R. Civ. P. 45

The record demonstrates that Obadiah Francois was served with a subpoena delivered within the jurisdiction of this court and which compelled his attendance at the February 1, 2012, deposition.[8]  Pursuant to Fed. R. Civ. P. 45(e), "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)."

Reviewing the subpoena served in this case reflects that it contained the proper identifying items, including the court, location, case information, and the manner of recording for the deposition.[9]  *See* Fed. R. Civ. P. 45(a).  Obadiah Francois, a non-party, was personally served at a New Orleans address and was directed by the subpoena to attend a deposition also to be held in New Orleans.  He was also served with a check for the requisite witness fee as required by Fed. R. Civ.

---

[8] Rec. Doc. No. 127, pp. 1-5.

[9] Rec. Doc. No. 127-2, pp. 1-3.

P. 45(b)(1).[10]  Based on the foregoing, Obadiah Francois is in contempt if he failed to comply with the subpoena served upon him.

Whether a person can be held in contempt for disobeying a subpoena, requires the Court to consider what the subpoena required that person to do.  *Ibarra v. Baker*, 338 Fed. Appx. 457, 471 (5th Cir. 2009) (citing *Fremont Energy Corp. v. Seattle Post Intelligencer*, 688 F.2d 1285, 1287 (9th Cir. 1982)).  In the instant case, the subpoena served on Obadiah Francois directed him to appear to testify at a properly noticed deposition.  The proces-verbal indicates that he failed to appear.

When a non-party is properly served with a subpoena for a deposition, the non-party is required to either object to the subpoena or attend the deposition.  *Tranchant v. Environmental Monitoring Serv., Inc.*, No. 00-2196, 2001 WL 1160864, at *2 (E.D. La. Oct. 2, 2001) (Shushan, M.J.).  "If the non-party does neither, the non-party may be held in contempt." *Id*., at *2.  Obadiah Francois did not attend and he did not object.  Therefore, Obadiah Francois is in contempt for failure to comply with the subpoena served upon him for his appearance at the deposition set for February 1, 2012.  He has not provided the Court with any explanation for his absence or any opposition to the defendant's motion.

The Court turns to the appropriate sanction to impose as a result of Obadiah Francois's contempt.  Officer Arabie has requested that Obadiah Francois's name be stricken from the plaintiff's witness list and that he be awarded attorney's fees and costs in connection with the scheduled deposition.

The United States Fifth Circuit Court of Appeal has found it "unclear whether the inherent power to sanction discovery abuses extends to abuses committed by non-parties . . .." *Natural Gas*

---

[10]Rec. Doc. No. 127-2, pp. 11-12.

*Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993). Other federal courts have resolved that sanctions which prejudice a party may not be appropriately imposed against a party. "The purpose of Rule 45(e) is to sanction a recalcitrant witness who fails to obey a subpoena, not to punish the party in the underlying litigation." *Hernandez*, 2008 WL 3157192, at *3, (citing *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991) (order striking pleadings was not a permissible Rule 45 contempt sanction for the failure to comply with a subpoena duces tecum)).

Although the Court is aware that Obadiah Francois is the plaintiff's brother, Officer Arabie has not provided any suggestion or indication in this motion that the plaintiff, Matthias Jimmy Francois, had any control over this witness or that the plaintiff took any action to cause his failure to appear. There is no showing of a basis to penalize the plaintiff at this time by striking his only identified witness. *Accord Hernandez*, at *3.

Instead, the appropriate path would be to sanction the uncooperative witness. The Fifth Circuit has recognized that attorney's fees and costs can be assessed against a non-party for failure to appear at a deposition. *Tranchant*, 2001 WL 1160864, at *2 (citing *Natural Gas Pipeline Co. of America*, 2 F.3d at 1411). Officer Arabie has requested that the Court award him attorney's fees and costs for the deposition at issue. That request will be granted. Accordingly,

**IT IS ORDERED** that Officer Arabie's **Motion for Contempt, Sanctions, and to Strike Obadiah Francois as a Witness for Failure to Appear at Deposition (Rec. Doc. No. 127)** is **DENIED in part** because Officer Arabie is not entitled to relief under Fed. R. Civ. P. 37 or to have Obadiah Francois stricken from the plaintiff's witness list; and the motion is **GRANTED in part** because the Court finds Obadiah Francois is in contempt for failure to appear at the February 1, 2012

deposition in violation of the subpoena under Fed. R. Civ. P. 45 and Officer Arabie is awarded reasonable attorney's fees and costs related to the February 1, 2012 deposition.

**IT IS FURTHER ORDERED** that Officer Arabie shall file a motion to fix expenses and attorney's fees into the record on or before **Tuesday, March 20, 2012**, along with: (1) an affidavit attesting to the attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2.  Any opposition to the expenses and fee application shall be filed no later than **Tuesday, March 27, 2012**.  Officer Arabie, at the time of filing, shall notice the motion to fix attorney's fees for submission **without oral argument** on **Wednesday, April 4, 2012**.

New Orleans, Louisiana, this 7th day of March, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**