**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MATTHIAS JIMMY FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1330** |
| **OFFICER ERIC BLANDFORD OF THE JEFFERSON PARISH POLICE DEPARTMENT, ET AL** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

The defendant, Officer Arabie, filed a **Motion for Involuntary Dismissal of Proceedings for Plaintiff's Refusal to Appear at Deposition (Rec. Doc. No. 134)**. Arabie argues that Francois failed to appear at his court ordered deposition noticed for February 1, 2012, and has since advised defense counsel that he refuses to submit to a deposition in this matter. As a result, Arabie seeks dismissal of Francois's complaint with prejudice. Francois has not responded to the motion.

## I. Factual and Procedural Background

Francois filed this *pro se* and *in forma pauperis* complaint on May 17, 2010, pursuant to 42 U.S.C. § 1983 seeking relief for the alleged use of excessive force during improper rectal searches for crack cocaine by different officers on different dates.[1] Officer Arabie is the sole remaining defendant, and the jury trial is scheduled for April 23, 2012.

[1] Rec. Doc. No. 3.

In this motion, Officer Arabie reminds the Court that Francois now has failed to appear at three scheduled depositions. He alleges, and the record reflects, that on July 28, 2011, his prior counsel noticed Francois's deposition for August 22, 2011 at 9:00 a.m.[2] Francois failed to appear at the scheduled time and did not contact counsel or provide any reason for his absence.

After unsuccessful efforts to contact Francois to reschedule, on or about November 14, 2011, Officer Arabie's prior counsel re-noticed the deposition for December 12, 2011, at 2:00 p.m. Francois again failed to appear for that and did not contact counsel or provide any reason for his absence.

Officer Arabie later filed a motion seeking to involuntarily dismiss Francois's petition for his failure to appear at the prior depositions.[3] On January 4, 2012, the Court entered an order denying the motion in part to the extent it sought dismissal of the complaint and granting the motion in part to award Officer Arabie reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(d)(3).[4]

Officer Arabie thereafter moved this Court to compel Francois's deposition.[5] The Court granted the motion on January 18, 2012, and ordered Francois to appear at the deposition to be noticed for February 1, 2012, at 3:30 p.m.[6]

Pursuant to this Court's order, Officer Arabie noticed Francois's deposition for February 1, 2012 at 3:30 p.m., and the notice was properly served upon him. Apparently on that date, Francois

---

[2]Rec. Doc. Nos. 134, 98, 100, 101.

[3]Rec. Doc. Nos. 98, 100.

[4]Rec. Doc. No. 101.

[5]Rec. Doc. No. 106.

[6]Rec. Doc. No. 112.

was incarcerated in the Jefferson Parish Community Correctional Center and did not appear for the scheduled deposition.[7]

After his release from the jail, Francois and his brother, Obadiah Francois, contacted Officer Arabie's counsel by telephone on or about February 22, 2012. Counsel requested that Francois comply with the Court's order and submit to his deposition. Francois reportedly told counsel that he and his brother refused to submit to any depositions in this case notwithstanding the Court's orders to do so. The deposition of Obadiah Francois was the subject of another motion to strike filed Officer Arabie and which has already been addressed by the Court.[8] Officer Arabie also represents that Francois "accused counsel of attempting to force the depositions because 'he is white' and the deponents 'are black.'"[9] Counsel reportedly informed the Francois brothers that "he would not countenance those accusations, that they should contact the Court and immediately terminated the telephone call."[10]

Officer Arabie moves this Court under Fed. R. Civ. P. 37 to dismiss Francois complaint with prejudice due to his continued failure to appear at scheduled depositions and his refusal to appear at or schedule a future deposition, in spite of the Court's order that he do so. As noted above, Francois has not responded to this motion or otherwise contacted the Court.

---

[7]Rec. Doc. No. 134-1, p. 3.

[8]Rec. Doc. Nos. 127, 140.

[9]Rec. Doc. No. 134-1, p. 3.

[10]*Id.*

## II. **Law and Analysis**

The law governing dismissal as a sanction under Fed. R. Civ. P. 37(b)(2) and (d) is well established. Regarding a party's failure to appear at a deposition, Fed. R. Civ. P. 37(d)(1) provides in relevant part as follows:

> (1) In General.
> A. The court where the action is pending may, on motion, order sanctions if: ...
>     (i) a party [. . .] fails, after being served with proper notice, to appear for that person's deposition; [. . .]
> (3) Types of Sanctions.
> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. [. . .]

In addition to the award of reasonable expenses, as indicated above, the other available sanctions allowed by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) are as follows:

> (b) Failure to Comply with a Court Order.
> [. . .]
> (2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party [. . .] fails to obey an order to provide or permit discovery [. . .] the court where the action is pending may issue further just orders. They may include the following:
>     (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>     (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>     (iii) striking pleadings in whole or in part;
>     (iv) staying further proceedings until the order is obeyed;
>     (v) dismissing the action or proceeding in whole or in part;
>     (vi) rendering a default judgment against the disobedient party; [. . .]

Under Fed. R. Civ. P. 37(b), dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances. *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515

(5th Cir. 1985); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 430 (5th Cir. 1987); *Bluitt v. Arco Chemical Co.*, 777 F.2d 188, 190-91 (5th Cir. 1985). Dismissal is a serious sanction that implicates due process. *See, e.g., FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Moreover, "[t]he imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Dismissals with prejudice are reserved for the most egregious cases, where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). The aggravating factors include the following: (1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the defendant. *Id*.

Dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith, not from an inability to comply, and is accompanied by a clear record of delay or contumacious conduct. The conduct also must substantially prejudice the opposing party. Furthermore, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Fed. R. Civ. P. 37. *U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

As an initial matter, the record presented by Officer Arabie reflects that Francois had good cause for missing the February 1, 2012 deposition. His incarceration prevented him from attending the deposition at counsel's office. Although he was in violation of this Court's order, he had a legitimate cause for his absence. For this reason, the Court does not find the award of expenses or other sanctions are warranted with respect to Francois's failure to appear at the scheduled deposition.

The crux of defendant's argument, however, actually focuses on Francois's apparent refusal to cooperate in the scheduling of the deposition, since this Court ordered that Francois submit to a deposition. Francois apparently expressed to counsel his belief that the deposition is meant as some sort of harassment, as opposed to an inherent part of the litigation process.

Before considering the dismissal of Francois's complaint, the Court finds it appropriate to provide one last opportunity for Francois to comply with the Court's command that he appear for and participate in a deposition. This is based in part on the Court's obligation to pursue lesser options before exercising the extreme sanction of dismissal. It also is based on the fact that, at this point, the defendant has not alleged or established any prejudice arising from Francois's contumacious and dilatory behavior. Such prejudice is imperative for the sanction of dismissal to be imposed. *Clofer*, 106 F.3d at 679. The trial is a little more than one month away, and the issues are not complicated. Allowing one final opportunity for Francois to attend the deposition will better serve the litigation process where there is no apparent prejudice to the defense shown in the record.

For these reasons, the Court will order Francois to appear at a deposition to be noticed by Officer Arabie's counsel to take place in the courtroom of the undersigned Magistrate Judge on a date to be selected by counsel after contacting the Court's judicial assistant to clear the time in the courtroom and to avoid conflict on the Court's calendar. Counsel shall arrange for his own transcription service. Counsel also shall select a date and time that will allow the deposition to take place as soon as possible and no later than April 13, 2012.

The Court also advises Francois that his failure to appear for this deposition without good cause shown **prior** thereto will be cause for the Court to dismiss this action under Fed. R. Civ. P. 37 and award reasonable expenses, including attorney's fees to Officer Arabie. Accordingly,

**IT IS ORDERED** that Officer Arabie's **Motion for Involuntary Dismissal of Proceedings for Plaintiff's Refusal to Appear at Deposition (Rec. Doc. No. 134)** is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff **Matthias Jimmy Francois SHALL** appear and participate in the deposition to be noticed by counsel for Officer Arabie in the courtroom of the undersigned Magistrate Judge, Hale Boggs Federal Building, 500 Poydras Street, Room B-431, New Orleans, Louisiana, 70130, at a date and time consistent with this order.

**FRANCOIS'S FAILURE TO COMPLY WITH THIS ORDER TO ATTEND THE DEPOSITION MAY RESULT IN THE DISMISSAL OF HIS COMPLAINT.**

New Orleans, Louisiana, this 19th day of March, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**