UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS JIMMY FRANCOIS | CIVIL ACTION |
| VERSUS | NO. 10-1330 |
| OFFICER ERIC BLANDFORD OF THE JEFFERSON PARISH POLICE DEPARTMENT, ET AL | MAGISTRATE JUDGE KAREN WELLS ROBY |

### ORDER AND REASONS

The defendant, Officer Arabie, filed a **Motion for Involuntary Dismissal of Proceedings and for Contempt for Plaintiff's Failure to Appear at Court Ordered Deposition (Rec. Doc. No. 145)**. Arabie argues that the plaintiff, Matthias Jimmy Francois, failed to appear at his court ordered deposition noticed for April 4, 2012. As a result and after several efforts to conduct Francois's deposition, Arabie seeks dismissal of Francois's complaint with prejudice. Francois has not responded to the motion.

### I.     Factual and Procedural Background

Francois filed this *pro se* and *in forma pauperis* complaint on May 17, 2010, pursuant to 42 U.S.C. § 1983 seeking relief for the alleged use of excessive force during improper rectal searches for crack cocaine by different officers on different dates.[1] Arabie is the sole remaining defendant, and the jury trial is scheduled for April 23, 2012.

---

[1] Rec. Doc. No. 3.

In this motion, Arabie reminds the Court that Francois now has failed to appear at four scheduled depositions. The record reflects, that on July 28, 2011, Arabie's prior counsel noticed Francois's deposition for August 22, 2011 at 9:00 a.m.[2] Francois failed to appear at the scheduled time and did not contact counsel or provide any reason for his absence.

After unsuccessful efforts to contact Francois to reschedule, on or about November 14, 2011, Arabie's prior counsel re-noticed the deposition for December 12, 2011, at 2:00 p.m. Francois again failed to appear for that scheduled deposition and did not contact counsel or provide any reason for his absence.

Arabie later filed a motion seeking to involuntarily dismiss Francois's petition for his failure to appear at the prior depositions.[3] On January 4, 2012, the Court entered an order denying the motion in part to the extent it sought dismissal of the complaint and granting the motion in part to award Arabie reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(d)(3).[4]

Arabie thereafter moved this Court to compel Francois's deposition.[5] The Court granted the motion on January 18, 2012, and ordered Francois to appear at the deposition to be noticed for February 1, 2012, at 3:30 p.m.[6]

Pursuant to this Court's order, Arabie noticed Francois's deposition for February 1, 2012 at 3:30 p.m., and the notice was properly served upon him. Apparently on that date, Francois was

---

[2]Rec. Doc. Nos. 134, 98, 100, 101.

[3]Rec. Doc. Nos. 98, 100.

[4]Rec. Doc. No. 101.

[5]Rec. Doc. No. 106.

[6]Rec. Doc. No. 112.

incarcerated in the Jefferson Parish Community Correctional Center and did not appear for the scheduled deposition.[7]

After his release from the jail, Francois and his brother, Obadiah Francois, contacted Arabie's counsel by telephone on or about February 22, 2012. Counsel requested that Francois comply with the Court's order and submit to his deposition. Francois reportedly told counsel that he and his brother refused to submit to any depositions in this case notwithstanding the Court's orders to do so. The deposition of Obadiah Francois was the subject of another motion to strike filed by Arabie and which was addressed by the Court.[8] Arabie also represents that Francois "accused counsel of attempting to force the depositions because 'he is white' and the deponents 'are black.'"[9] Counsel reportedly informed the Francois brothers that "he would not countenance those accusations, that they should contact the Court and immediately terminated the telephone call."[10]

Arabie filed a motion again seeking to dismiss Francois's complaint with prejudice under Fed. R. Civ. P. 37 due to his continued failure to appear at scheduled depositions and his refusal to appear at or schedule a future deposition, in spite of the Court's order that he do so. On March 19, 2012, the Court issued an order denying Arabie's motion.[11] In doing so, the Court also ordered Francois to appear at and participate in a deposition to be noticed by Arabie's counsel in this Magistrate Judge's

---

[7]Rec. Doc. No. 134-1, p. 3.

[8]Rec. Doc. Nos. 127, 140.

[9]Rec. Doc. No. 134-1, p. 3.

[10]*Id*.

[11]Rec. Doc. No. 144.

courtroom. The Court also warned Francois that his "failure to comply with this order to attend the deposition may result in the dismissal of his complaint."[12]

Counsel scheduled the deposition as ordered for April 4, 2012, at 2:00 p.m. Arabie represents in the motion that the notice of deposition was served on Francois by e-mail and by certified mail with return receipt requested. Francois failed to appear. Counsel caused a proces verbal to be made for the record, a copy of which is attached to the motion.[13] Arabie has also attached copies of the letter and Notice of Deposition and other pleadings sent to Francois, along with copies of the certified mail receipt showing attempted delivery and delivery by the U.S. Postal Service and tracking notice on the e-mail sent to Francois.[14] Because of Francois's failure to appear at the deposition, combined with his prior refusals to participate in a deposition, Arabie seeks dismissal of the complaint and the award of fees.

## II.     Law and Analysis

As has been summarized in the Court's prior orders, the law governing dismissal as a sanction under Fed. R. Civ. P. 37(b)(2) and (d) is well established. Regarding a party's failure to appear at a deposition, Fed. R. Civ. P. 37(d)(1) provides in relevant part as follows:

> (1) In General.
> A. The court where the action is pending may, on motion, order sanctions if: . . .
>    (i) a party [. . .] fails, after being served with proper notice, to appear for that person's deposition; [. . .]
> (3) Types of Sanctions.
>    Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure

---

[12] *Id.*, p. 7.

[13] Rec. Doc. No. 145-2, pp. 1-10.

[14] Rec. Doc. No. 145-2, pp. 11-23.

>    was substantially justified or other circumstances make an award of expenses unjust. [. . .]

In addition to the award of reasonable expenses, as indicated above, the other available sanctions allowed by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) are as follows:

> (b)   Failure to Comply with a Court Order.
> [. . .]
> (2)   Sanctions in the District Where the Action Is Pending.
> (A)   For Not Obeying a Discovery Order. If a party [. . .] fails to obey an order to provide or permit discovery [. . .] the court where the action is pending may issue further just orders. They may include the following:
> > (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> > (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> > (iii) striking pleadings in whole or in part;
> > (iv)  staying further proceedings until the order is obeyed;
> > (v)   dismissing the action or proceeding in whole or in part;
> > (vi)  rendering a default judgment against the disobedient party; [. . .]

Under Fed. R. Civ. P. 37(b), dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances. *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 430 (5th Cir. 1987); *Bluitt v. Arco Chemical Co.*, 777 F.2d 188, 190-91 (5th Cir. 1985). Dismissal is a serious sanction that implicates due process. *See*, *e.g.*, *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Moreover, "[t]he imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Dismissals with prejudice are reserved for the most egregious cases, where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). The aggravating factors

include the following: (1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the defendant. *Id.*

Dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith, not from an inability to comply, and is accompanied by a clear record of delay or contumacious conduct. The conduct also must substantially prejudice the opposing party. Furthermore, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Fed. R. Civ. P. 37. *U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *Conner*, 20 F.3d at 1380-81.

The Court reiterates that this is the third request by Arabie for dismissal of Francois's complaint for his failure to appear at a scheduled deposition. The Court has twice denied the request to allow Francois another opportunity to participate in the prosecution of this case before enforcement of the ultimate sanction of dismissal. As a lesser sanction, the Court has allowed and ordered that his deposition be rescheduled, along with the award of attorneys' fees when appropriate. Each time, Francois has failed and/or refused to appear for the properly scheduled depositions in bold defiance of the Court's orders.

In further recitation of Francois's contumacious behavior, the Court recalls that, on the date of the prior trial setting, Francois confirmed in open court that his Fort Pierce, Florida address was the proper address for him to receive mail from the Court and counsel.[15] Francois also provided and confirmed on the record the accuracy of the e-mail address in opposing counsel's possession and agreed to receive e-mails from counsel in addition to regular mailings. In spite of the representations made by Francois, the record shows that, since that hearing in open court, 17 pieces of mail sent from

---

[15]*See* Rec. Doc. Nos. 102, 103. The hearing was transcribed although no transcript has been ordered.

the Clerk of Court's Office to Francois at his Fort Pierce address have been returned marked undeliverable.[16] Francois has not corresponded with the Court or provided the Court (or counsel) with his current mailing address. This too is cause for dismissal of his complaint with prejudice pursuant to L.R. 41.3.1 and Fed. R. Civ. P. 41(b).[17]

Francois has not provided the Court with any cause for his failure to appear at the scheduled deposition on April 4, 2012. The Court has given Francois ample opportunity to cooperate in the scheduling of his deposition and to avoid the ultimate sanction of dismissal. He has exhibited a continued and contumacious choice not to appear or to comply with this Court's orders. He was warned in the Court's prior order that dismissal was imminent if he failed to appear. Further, with the trial only days away, Francois's delay has caused and will cause prejudice to Arabie's ability to prepare for trial and defend against the complaint. *Clofer*, 106 F.3d at 679. For these reasons, the Court finds that the appropriate sanction at this time is to dismiss Francois's complaint.

In addition, as indicated above, under Fed. R. Civ. P. 37(d)(3), a court must order the non-appearing party to pay the movant's reasonable expenses, including attorney's fees, caused by the failure to appear, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Francois has not responded to the motion to provide this court with any

---

[16] These includes mailings for Rec. Doc. Nos. 93, 94, 97, 99, 101, 102, 108, 112, 113, 115, 125, 129, 131, 132, 133, 139, and 140.

[17] Under LR 41.3.1, "[t]he failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." Francois is in violation of this court rule. In addition, Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

justification for his failure to appear, and there is nothing in the record to render the award of fees unjust. Arabie has established by the proces verbal that the deposition was called and Francois did not appear. The Court, therefore, also awards sanctions of reasonable fees, including attorney's fees, to Arabie for Francois's failure to appear at the April 4, 2012, deposition. The Court will retain jurisdiction to set the fee amount by motion to follow. Accordingly,

**IT IS ORDERED** that Arabie's **Motion for Involuntary Dismissal of Proceedings for Plaintiff's Refusal to Appear at Deposition (Rec. Doc. No. 134)** is **GRANTED** and Francois's 42 U.S.C. § 1983 complaint, including any state law claims, is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Arabie shall file a motion to fix expenses and attorney's fees into the record on or before **Tuesday, May 8, 2012**, along with: (1) an affidavit attesting to the attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the expenses and fee application shall be filed no later than **Tuesday, May 15, 2012**. Arabie shall at the time of filing notice the motion to fix attorney's fees for hearing on **Wednesday, May 23, 2012**, and the motion shall be submitted on that date **without oral argument**. **The Court retains jurisdiction to consider and award fees pursuant to this Order and to enforce the award of fees granted in the prior orders issued in this case.**

New Orleans, Louisiana, this 20th day of April, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**